# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

|                                                      |     |          |                          |
| ---------------------------------------------------- | --- | -------- | ------------------------ |
| TOBY R. LANE,                                        | )   |          |                          |
|                                                      | )   |          |                          |
|     Plaintiff,                   | )   |          |                          |
|                                                      | )   |          |                          |
| v.                                                   | )   | No.      | 3:21-CV-346-RLJ-DCP      |
|                                                      | )   |          |                          |
| STONEY LOVE, KATIE WILSON,                           | )   |          |                          |
| MALLORY CAMPBELL, and ROBBIE                         | )   |          |                          |
| GOINS,                                               | )   |          |                          |
|                                                      | )   |          |                          |
|     Defendants.                  | )   |          |                          |

## MEMORANDUM & ORDER

Plaintiff, an inmate housed in the Campbell County Jail, has filed a pro se amended complaint[1] for violation of 42 U.S.C. § 1983 regarding various events during his incarceration [Doc. 1]. For the reasons set forth below, Plaintiff will have thirty (30) days to file a second amended complaint setting forth (1) a short and plain statement of his claim that Defendant Love is giving him inadequate recreation time in violation of his Eighth Amendment rights and (2) a demand for the relief he seeks for that claim. The remainder of Plaintiff's claims will be **DISMISSED** because they fail to state a claim upon which relief may be granted under § 1983.

## I.    STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

---

[1] The Court construes Plaintiff's amended complaint as a request for leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which is **GRANTED** to the extent that the Court will now screen the amended complaint to determine whether it states a claim upon which relief may be granted under § 1983, as it "'supersedes [the] earlier complaint for all purposes.'" *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013)).

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II.    COMPLAINT ALLEGATIONS

Plaintiff's complaint lists twelve numbered claims that the Court summarizes as follows:

(1)    Defendants are discriminating against Plaintiff because his fiancé used to work at the jail as a correctional officer by not allowing his fiancé to visit or allowing him to have a job. In support of these allegations, Plaintiff states that Defendant Goins "is over the whole jail," that Defendant Wilson told him that he could not have visits from his fiancé, and that Defendant Campbell told him that she would have to have any such visitation approved by Defendant Love, but Defendant Love will not answer her. Plaintiff also states that Defendant Love told him that he cannot have a job at the jail because of his fiancé [Doc. 5 p. 3–4];

2

(2)     The jail food is served in a manner that creates a dangerous hazard for bacteria growth [*Id.* at 4];

(3)     The mats at the jail do not comply with Tennessee Department of Correction ("TDOC") regulations, and some TDOC inmates at the jail have mats that are three feet long and one inch thick [*Id.*];

(4)     "TDOC inmates don't get the right amount of good days or [any] programs, jobs, e[tc]." [*Id.*];

(5)     Defendant Wilson is in charge of jail maintenance and the jail air duct work has black mold growing in it [*Id.*];

(6)     Correctional officers hand out medications even though they are not certified to do so [*Id.* at 5];

(7)     Correctional officers and Defendants Campbell, Wilson, and Love tell other inmates that Plaintiff will not get a job as long as he is with his fiancé [*Id.*];

(8)     The jail does not feed inmates two-thousand calories per day or comply with TDOC requirements with regarding food and serves a different amount of food than what is on the menu [*Id.*];

(9)     An inmate who works in the kitchen preparing food has hepatitis C [*Id.*];

(10)    Defendant Wilson is in charge of jail maintenance but "showers and toilets are not maintenanced [sic]," the jail cameras cannot record, the intercom system does not work, and the jail does not meet state requirements for housing TDOC inmates [*Id.*];

(11)    Plaintiff is "sentenced to the penitentiary" and is supposed to have work and education opportunities, but the jail does not offer such opportunities [*Id.* at 6]; and

(12)    Defendant Love is in charge of inmates' recreation time and they have not had any such time in two months, even though they have been out of COVID-19 quarantine for over a month, and when they do get recreation it is only once per week [*Id.*].

[*Id.* at 4–6].

Plaintiff has sued Sheriff Robbie Goins, Captain Stoney Love, Sergeant Katie Wilson, and Lieutenant Mallory Campbell [*Id.* at 1, 3, 4]. As relief, he seeks only a transfer to a prison or a different state facility where he can receive all privileges available to TDOC prisoners, including a job and education [*Id.* at 7].

3

## III.    ANALYSIS

### A.    Equal Protection

First, Plaintiff's claims for discrimination arising out of his allegations that Defendants have denied him both visitation with his fiancé and a job because his fiancé is a former correctional officer (Plaintiff's claims 1 and 7[2]) fail to state a claim upon which relief may be granted under § 1983.  The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  For a complaint to state a claim for violation of the Equal Protection Clause, it must allege that the plaintiff has been treated differently than other similarly situated individuals.  *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (providing that, in order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis'" and that the "'threshold element of an equal protection claim is disparate treatment'" (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006) and *Scarbrough v. Morgan Cty. Bd. of Educ.,* 470 F.3d 250, 260 (6th Cir. 2006)); *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (noting that the Equal Protection Clause "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike").

Plaintiff has not set forth facts from which the Court can plausibly infer that Defendants have treated other inmates who are similarly situated to Plaintiff in all relevant respects differently

---

[2] In claim 7, Plaintiff alleges that some officers and some Defendants have told inmates that he will not get a job at the jail because of his fiancé [*Id.* at 5].  The Court liberally construes this statement to allege that Defendants have denied him a job at the jail due to his relationship with his fiancé, which he also alleges in claim 1.  To the extent that Plaintiff seeks relief for this allegation based on his inability to obtain a job at the jail, the Court addresses that claim below in its analysis of claims 4 and 11.

regarding jail visitation or jobs. As such, Plaintiff's conclusory allegations of discrimination fail to state an Equal Protection claim upon which relief may be granted under § 1983. *Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (finding that a complaint failed to state an Equal Protection claim where it did not "make a plausible allegation that similarly situated organizations and individuals, of a different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *Nali v. Ekman,* 355 Fed. App'x 909, 913 (6th Cir. 2009) (stating that a claim for race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an Equal Protection claim).

**B.    Jail Food Hazard**

Plaintiff next alleges that the jail's food is served in a manner that creates a hazard for bacteria growth (Plaintiff's claim 2). However, cold food is not a violation of Plaintiff's constitutional rights, and he provides no support for his speculative assertion that the jail food may be hazardous. *Prophete v. Gilless*, 869 F. Supp. 537, 538–39 (W.D. Tenn. 1994) (providing that "[c]old food does not pose [] a danger, and thus does not constitute the deprivation of a necessity of life" and that the "plaintiff's speculation that the food runs the risk of being contaminated with bacteria between the kitchen and cells" was "factually delusional"). Accordingly, this allegation fails to state a claim upon which relief may be granted under § 1983.

**C.    Jail Mats**

Plaintiff next claims that the jail mats do not meet TDOC regulations and that some TDOC inmates in the jail have mats that are three feet long and one inch thick (Plaintiff's claim 3). However, Plaintiff does not allege that he has a mat that does not comply with TDOC regulations, and to the extent that he seeks to assert this claim on behalf of other prisoners, he lacks standing to do so. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who

5

initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

And even if the Court presumes that Plaintiff's jail mat does not comply with TDOC regulations, he has not set forth any facts from which the Court could find that this rises to the level of a constitutional violation. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Accordingly, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

Thus, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Id.* at 8–9 (citations and quotations omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Plaintiff does not set forth any facts from which the Court can plausibly infer that his jail mat amounts to an extreme deprivation of a life necessity that rises to the level of a constitutional violation. Moreover, the mere fact that Plaintiff's jail mat does not meet TDOC regulations does not state a cognizable claim for violation of §1983. 42 U.S.C. § 1983; *Stanley v. Vining*, 602 F.

3d 767, 769 (6th Cir. 2010) (stating that "[i]t has long been established that violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983").

Accordingly, Plaintiff's allegations regarding jail mats fail to state a claim upon which relief may be granted under §1983.

### D. Sentencing Credits, Educational Programs, and Jobs

Plaintiff also claims that the jail does not have enough job opportunities or educational programs for inmates and does not correctly calculate inmates' sentencing credits (Plaintiff's claims 4 and 11). However, Plaintiff does not have a constitutional right to jail educational programs or employment. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs"). He also does not have a constitutional right or a right under Tennessee law to earn sentencing credits, such that the denial of the ability to earn such credits could violate his right to due process. *See Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992); Tenn. Code Ann. § 41-21-236(a)(2). Accordingly, these allegations fail to state a claim upon which relief may be granted under § 1983.

### E. Black Mold

Plaintiff next states that the jail air ducts have black mold growing and that Defendant Wilson is in charge of jail maintenance (Plaintiff's claim 5). But Plaintiff does not state that this Defendant knows of the black mold, nor does he state how he is aware of this condition. Regardless, Plaintiff's allegation that the jail air ducts have mold does not rise to the level of a constitutional violation. *See, e.g.*, *Velasquez v. Lewis*, No. 4:20-CV-P172-JHM, 2021 WL 2903244, at *2 (W.D. Ky. July 9, 2021) (holding that a prisoner's "conclusory allegation regarding the presence of black mold in his cell, with only speculation of harm to his

7

health, fails to state a claim upon relief may be granted") (citations omitted); *Juliot v. Osborne*, No. 4:14-cv-P1-M, 2014 WL 4259429, at * 4 (W.D. Ky. Aug. 27, 2014) (collecting cases finding that "an allegation of the presence of some mold does not create a condition intolerable for prison confinement") (citations and internal quotation marks omitted).  Thus, this allegation fails to state a claim upon which relief may be granted under § 1983.

### F.       Correctional Officers Hand Out Medications

Plaintiff also alleges that the jail correctional officers hand out medications even though they are not certified to do so (Plaintiff's claim 6).  However, Plaintiff does not set forth any facts from which the Court can plausibly infer that the fact that correctional officers hand out medications without an unspecified certification affects him or violates his constitutional rights in any way, and this allegation therefore fails to state a claim upon which relief may be granted under §1983.

### G.       Calories

Plaintiff further claims that the jail does not feed inmates two-thousand calories a day and does not provide food that meets TDOC requirements (Plaintiff's claim 8).  However, as nothing in the complaint allows the Court to plausibly infer that Plaintiff does not receive enough food to sustain his good health, these allegations do not rise to the level of a constitutional violation. *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (providing that where a prisoner's diet is sufficient to sustain his good health, no constitutional right has been violated).  Accordingly, they fail to state a claim upon which relief may be granted under § 1983.

### H.       Inmate in Kitchen with Hepatitis C

Plaintiff next asserts that an inmate working in the kitchen preparing food has hepatitis C (Plaintiff's claim 9).  However, Plaintiff does not allege that any named Defendant is aware of or

responsible for this condition of his confinement. *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Nor does Plaintiff set forth any facts from which the Court can plausibly infer that this condition creates a grave risk to Plaintiff's health that society does not choose to tolerate, such that it may violate his constitutional rights. *Helling v. McKinney*, 509 U.S. 25, 36 (1993). As such, this allegation fails to state a claim upon which relief may be granted under § 1983.

### I.     Maintenance

Plaintiff next claims that Defendant Wilson oversees jail maintenance but the jail "showers and toilets are not maintenanced [sic]," the jail cameras cannot record, the intercom system does not work, and the jail does not meet the state requirements for housing TDOC inmates (Plaintiff's claim 10). Again, however, Plaintiff does not set forth any facts from which the Court could find that any of these alleged conditions of his confinement amounts to an extreme deprivation of a life necessity or a risk to him that society would not tolerate, such that the Court could plausibly infer that it rises to the level of a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Helling v. McKinney*, 509 U.S. at 36. And Plaintiff's allegation that the jail does not meet state requirements for housing TDOC inmates is not cognizable under § 1983, as set forth above. 42 U.S.C. § 1983; *Stanley v. Vining*, 602 F. 3d 767, 769 (6th Cir. 2010). As such, these allegations fail to state a claim upon which relief may be granted under § 1983.

### J.     Recreation

Plaintiff's last claim is that Defendant Love has denied him recreation time for two months even though he has been out of COVID-19 quarantine for a month, and that when he receives recreation time, it is only once per week (Plaintiff's claim 12). This allegation allows the Court to

9

plausibly infer that Defendant Love may have violated Plaintiff's Eighth Amendment rights. *Rodgers v. Jabe*, 43 F.3d 1082, 1086–88 (6th Cir. 1995) (providing that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on a prisoner's Eighth Amendment rights) (quoting *Patterson v. Mintzes,* 717 F.2d 284 (6th Cir. 1983).

However, as set forth above, Plaintiff's complaint seeks only injunctive relief in the form of a transfer to a different facility [*Id.* at 7]. But Plaintiff does not have a constitutional right to be housed in a certain facility, and he has not set forth any circumstances that would justify the Court's intervention into the administrative decision of where to house him. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976)); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations").

Accordingly, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint with (1) a short and plain statement of his claim that Defendant Love has violated his rights under the Eighth Amendment by failing to provide him adequate recreation time and (2) "a demand for the relief sought." Fed. R. Civ. P. 8(a); *LaFountain*, 716 F.3d at 951 (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

## IV. CONCLUSION

For the reasons set forth above:

1. Only Plaintiff's claim that Defendant Love is failing to provide him adequate recreation time in violation of his Eighth Amendment rights states a claim upon which relief may be granted under § 1983;

2. Thus, all of Plaintiff's claims except his claim regarding inadequate recreation time against Defendant Love are **DISMISSED**, and all Defendants except Defendant Love are **DISMISSED**;

3. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

4. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint with (1) a short and plain statement of his claim that Defendant Love has violated his rights under the Eighth Amendment by failing to provide him adequate recreation time and (2) "a demand for the relief sought," *see* Fed. R. Civ. P. 8(a);

5. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

6. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Love or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

11