# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| TOBY R. LANE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-CV-346-RLJ-DCP ) |
| STONEY LOVE, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On November 22, 2021, Chief United States District Judge McDonough entered an order reassigning this case to the undersigned [Doc. 6]. However, more than two weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing that order as undeliverable [Doc. 9]. Plaintiff has not notified the Clerk of any change of address or otherwise communicated with the Court since the return of this mail despite the Court previously notifying him of the requirement that he notify the Clerk of any address change within fourteen days [Doc. 3]. Also, on December 1, 2021, this Court entered an order screening Plaintiff's complaint, allowing Plaintiff thirty (30) days to file an amended complaint regarding one of his claims, and notifying Plaintiff that failure to timely comply would result in dismissal of this action [Doc. 8]. But Plaintiff has not complied with this order, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not

expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely provide the Court with his address and failure to comply with the Court's previous order is due to his willfulness or fault, as the Court previously notified Plaintiff of the requirement that he update his address with the Court within fourteen days of an address change [Doc. 3 p. 1], and it appears that Plaintiff's failure to comply with this requirement likely prevented him from receiving the Court's previous order allowing him thirty days to file an amended complaint. As to the second factor, the Court finds that Plaintiff's failure to update the Court and Defendants regarding his address has not prejudiced Defendants, as they have not been served with the complaint yet, but notes that neither the Court nor Defendants can communicate with Plaintiff about this case without his correct address. As to the third factor, as noted above, the Court previously notified Plaintiff of the requirement that he update the Court regarding any address change within fourteen (14) days [Doc. 3 p. 1] and notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action [Doc. 8 p. 11]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, he has failed to comply with the Court's clear instructions, and it does not appear that he intends to

...

proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from updating the Court as to his address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge